E. L. DOUGHTY *et al.*, Respondents, *v.* the MANHATTAN BRASS COMPANY, Appellant.

*Court of Appeals, February 9, 1886.*

Affirming same case, 31 Hun, 315, Mem.

*Statute of frauds. Memorandum.*—Where the letters, which are sent between the parties in regard to a sale of goods exceeding fifty dollars in value, are subscribed with the exception of one postscript which contains the only reference to the price, and are so connected by their contents as together to constitute a note or memorandum of sale, they amount to a sufficient compliance with the statute of frauds, and the contract is valid.

Action to recover damages for an alleged breach of a contract for the sale of a quantity of hoop-brass.

Appeal from a judgment of the general term of the supreme court, affirming judgment in favor of plaintiff.

*S. B. Brownell,* for appellant.

*E. More,* for respondent.

DANFORTH, J.—The contract upon which the plaintiff relies is contained in letters written by one or the other party, and the only question upon this appeal is whether their true construction discloses an agreement valid under the statute of frauds.   2 R. S., tit. 2, p. 2, chap. 7, § 3, sub. 1. The appellant's contention is that " the contract relied upon is not contained in any note or memorandum subscribed by the defendants; " and, as I understand the argument, it rests mainly upon the assumption that the only reference to price is contained in a postscript to defendant's letter of September 12, 1879, and that this postscript is not subscribed.   The defendants were makers of brass hoops, and

the plaintiffs, as manufacturers of cedar ware, required that article.   Business relations had existed between them for several years, and on the 12th of September, 1879, the defendants wrote concerning certain orders already received, giving some general information relating to the present and probable future price of brass, and duly subscribed the same.   Below the signature were these words : "P. S. Will make price for November and December 17c. lb."   It is plain that the signature was intended to authenticate the paper, and in such case it is immaterial upon what part it is placed, whether at the beginning, or the end, or in the middle.   The postscript was an after-thought; but it was verified as effectually, for the purposes of correspondence, as if written in the body of the letter to which it was added, and into which, by reference, it may be deemed incorporated.   In response to this letter, the plaintiffs, under date of September 15, 1879, gave a written order, signed by them, for "two tons of 11-16 hoop brass November 1st, two tons December 1st;" and, under date of September 17th, the defendants wrote : "Your order for November and December to hand and booked."   In another written communication dated October 6, 1879, and sent to and received by the plaintiffs, the defendants said :   "We will not fail to ship 1,000 lbs. per week, or more, until your order is filled."

These writings were subscribed by the defendants.

If the letter of September 12th stood alone, as containing the contract, it would be necessary to hold that it was not subscribed within the intent of the statute, James *v.* Patten, (6 N. Y. 9); but all the letters above referred to are so connected by their contents as together to constitute a note or memorandum for the sale of four tons of hoop brass, at seventeen cents per pound, to be delivered, one-half November 1st, and the other half December 1st.   The proposal and final acceptance import a consent of both parties, and create an obligation on the part of the plaintiff to take and pay for the same as delivered.

It is said, however, by the learned counsel for the appellants, that the order of September 15th was indefinite, because it did not specify the required thickness of the hoop, nor a stipulated time of payment. It is apparent, however, that earlier orders had been given, and in part filled, and the one in question called for the same article, but at a different price. If otherwise, however, there was neither ambiguity in the contract, nor any difficulty in performing it according to its terms. No term of credit was bargained for, and, although the complaint alleges that by the agreement payment was to be made on the first of the month after the goods were received, that allegation was not proved, and the question presented was simply one of variance between the complaint and proof, which the trial court might properly disregard. We think the note or memorandum sufficient to express a contract. The verdict of the jury upon evidence sufficient for their consideration establishes the breach of that contract by the defendants, and damages incurred by the plaintiff in consequence of it. We find no error, therefore, in the judgment appealed from, and think it thould be affirmed.

All concur.